UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PILAR ALBA,

    Plaintiff,

vs.                                                                                                  COMPLAINT

PRIMEHEALTH PHYSICIANS, LLC, a
Florida limited liability company,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff PILAR ALBA ("Ms. Alba" or "Plaintiff"), who was an employee of Defendant PRIMEHEALTH PHYSICIANS, LLC ("Defendant"), and files this Complaint for unpaid overtime wages, liquidated damages and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, and for retaliation under 29 U.S.C. § 215(a)(3).

### I.   JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendant transacts business in this District; because all wages were earned and due to be paid in this District; because Defendant's operations are situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Ms. Alba's federal question claims.

## II.     PARTIES

3. Plaintiff PILAR ALBA is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. Ms. Alba was an hourly, non-exempt employee of Defendant, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant PRIMEHEALTH PHYSICIANS, LLC ("Defendant") is registered with the Florida Division of Corporations as a Florida limited liability company at which Ms. Alba was employed, with headquarters at 14680 S.W. 8th Street, Suite 221, Miami, Miami-Dade County, Florida.

## III.     COVERAGE

5. During all material times, Defendant was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

6. During all material times, Defendant was an employer as defined by 29 U.S.C. § 203(d).

7. During all material times, Defendant employed two or more employees.

8. During all material times, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## IV.  FACTUAL ALLEGATIONS

9. Defendant employed Ms. Alba as a Certified Medical Assistant at its clinic, located at 6141 Sunset Drive, Suite 102A, South Miami, Florida.

10. This action is brought pursuant to the FLSA for unpaid overtime wages, liquidated damages, and other relief, and for retaliatory termination of employment.

11. Ms. Alba was a non-exempt hourly employee who worked as a Certified Medical Assistant for Defendant during the period from approximately October, 2018 through July, 2019, a period of approximately forty (40) weeks.

12. During her employment, Ms. Alba's regular rate of pay was $18.00 per hour.

13. Ms. Alba worked in excess of forty hours per workweek for one or more week of work.

14. Defendant was required by law to pay Ms. Alba at least one-and-a-half times her regular rate of pay for all overtime hours but did not.

15. By paying Ms. Alba below the statutory overtime wage rate, Defendant knowingly and willfully engaged in practices that denied Ms. Alba the applicable overtime wage under the FLSA.

16. In addition, while employed by Defendant, Ms. Alba formally complained to Defendant about working hours that were not paid and overtime hours that were not paid at the proper rate.

17. As a direct result of Ms. Alba's complaints, Ms. Alba's employment was terminated in retaliation.

18. Ms. Alba retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201,</u> *et seq*

19. Plaintiff reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

20. Plaintiff worked more than forty hours per workweek for one or more weeks of her employment at Defendant's clinic.

21. Defendant willfully and intentionally failed to pay Plaintiff the required one-and-a-half times her regular rate of pay for hours worked over forty per workweek.

22. Defendant willfully and intentionally failed to pay Plaintiff for all overtime hours worked.

23. As a direct and proximate result of Defendant' willful and intentional failure to pay Plaintiff one-and-a-half times her regular rate of pay for all hours worked over forty per week, Plaintiff has been damaged for one or more weeks of work with Defendant.

WHEREFORE, Plaintiff PILAR ALBA demands judgment in her favor and against Defendant PRIMEHEALTH PHYSICIANS, LLC as follows:

  a) Award to Plaintiff for payment of all hours worked in excess of forty per workweek at the overtime rate of one and one-half times her regular rate of pay;

  b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty per workweek at the overtime rate of one and one-half times her regular rate of pay;

  c) Award to Plaintiff of reasonable attorneys' fees and costs; and

  d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## RETALIATION, 29 U.S.C. § 215(a)(3)

24. Plaintiff reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

33. Plaintiff is a Certified Medical Assistant who was employed by Defendant.

34. Plaintiff formally complained about a violation of the law, namely that she was not being paid legally for all hours worked.

35. As a direct result of her complaints, Plaintiff's employment was terminated in retaliation.

36. Because of her termination, Plaintiff was damaged.

WHEREFORE, Plaintiff PILAR ALBA demands judgment in her favor and against Defendant PRIMEHEALTH PHYSICIANS, LLC as follows:

a) Compensatory damages for front and back wages,;

b) Emotional distress as allowed by the Statute and case law;

c) Her costs and a reasonable award of attorney's fees;

d) Prejudgment interest;

e) Injunctive relief, consisting of reinstatement; and

f) Any and all other relief which the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 4th day of March, 2021.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
BrockLegalTeam@gmail.com

*Law Office of Robert W. Brock II*
10074 E. Bay Harbor Dr., Ste. 74D
Bay Harbor Islands, FL 33154
Tel.: (305) 781-5030
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **March 4, 2021**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
*Attorney for Plaintiff*